AO 241 (Rev. 09/17)

**FILED**

**AUG -8 2023**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **227 th** | |
|---|---|---|
| Name (under which you were convicted): **Mark Anthony Estrada** | | Docket or Case No.: **2019CR4967** |
| Place of Confinement : | | Prisoner No.: **02373635** |
| Petitioner (include the name under which you were convicted) **Mark Anthony Estrada** | Respondent (authorized person having custody of petitioner) v. **Texas Department of Criminal Justice** | |
| The Attorney General of the State of: **TEXAS** | | |

**SA23CA1011 FB**

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **IN THE DISTRICT COURT 227th JUDICIAL DISTRICT BEXAR COUNTY, TEXAS**

   (b) Criminal docket or case number (if you know): **2019CR4967**

2. (a) Date of the judgment of conviction (if you know): **November 18, 2021**

   (b) Date of sentencing: **November 18, 2021**

3. Length of sentence: **4 years**

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: **INDECENCY- CHILD EXPOSURE**

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty    ☒ (3) Nolo contendere (no contest)

   ☐ (2) Guilty    ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead (NO-CONTEST) to "INDECENCY CHILD EXPOSURE"

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☒ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.   Did you appeal from the judgment of conviction?

☐ Yes   ☒ No

9.   If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❒ Yes   ❒ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I did File an petition for a post-Conviction Writ of habeas Corpus pursuant to art. 11.07

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:    " New Evidence "

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.) the evidence was Unknown to movant before Plea. Petitioner has exhausted State remedies to Expunge case OFF record and be Exonerated with new evidence. Petitioner was not in a position to Obtain New Evidence in the Environment of my Surroundings due to the COVID-19 Pandemic.

(b) If you did not exhaust your state remedies on Ground One, explain why: I did try to explain to the prosecutor I did not commit this crime but at the time of the pandemic, Petitioner did not have Knowledge of the ramification's of the Case. Petitioner could not retrieve the evidence that was needed at the time to prove my innocence "by a preponderance of the evidence.

AO 241 (Rev. 09/17)

**(c)    Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Writ of Habeas Corpus pursuant to art. 11.07 §3(a)

Name and location of the court where the motion or petition was filed: In The District Court

227th Judicial District Bexar County Texas

Docket or case number (if you know): 2019CR4967-W1

Date of the court's decision: October 23rd, 2022

Result (attach a copy of the court's opinion or order, if available): See attached documents

4 pages _____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Did not have new evidence until Petitioner was released from false imprisonment (12-16-2022). New evidence was Obtained (Feb. 6th, 2023). Applicants new evidence to prove innocence. See Affidavit of New Evidence.

AO 241 (Rev. 09/17)

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Just Petitioners own allegation's alone did not have merits to prove innocence.

---

**GROUND TWO:** Petitioners failure to discover it was not due to a want of dilligence on his part

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

Sally Gonzalez, the mother found me when I got out to apoligize to me about the false allegations. I was set up by the Aunt Rosalind Lure's, Chastidy Raelynn Morales which is the alleged Complainant who made Outcry of False allegations. Her father Matthew Anthony Morales TDCJ#02159077 has had the same conviction's to the Same Scope and Style to what I was accused of. Sally Gonzalez just paid $10,000 dollars to expunge Matthew Anthony Morales TDCJ#02159077 Sex Offender Record in 2022 when I was in TDCJ/falsely accussed.

**(b) If you did not exhaust your state remedies on Ground Two, explain why:** I did not have documents to prove. See Citation (2018-PA-00654) on public records or Lawsuit I tried to File (5A-18-CA-1100-XR). I do not practice law to defend my Constitutional Rights.

**(c) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Article 11.07 § 3(a) Texas Code of Criminal Procedure

Name and location of the court where the motion or petition was filed: In The District Court 227th Judicial District Bexar County, Texas

Docket or case number (if you know): 2019CR4967-W1

AO 241 (Rev. 09/17)

Date of the court's decision:  October 23rd 2022

Result (attach a copy of the court's opinion or order, if available):  See attached
Documents

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner was still confined and did not know if my innocence would ever come to light. All this is over jealousy. I was only out 3 months & 15 days and got arrested April 1st, 2023 because Sally lied.

(e)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : I have sent Child Protective Services "Affidavit of New Evidence." Sally Gonzalez is also 7 months Pregnant with our baby. With this charge I cannot be around children? Unless it is expunged.

**GROUND THREE:**  Its materiality was such as would probably bring about a different result in Trial if was re-opened.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There is nothing to appeal once sentence has been completed but there is New Evidence that Petitioner couldn't prove at the date of Plea. Without evidence, if Petitioner took to Trial... Attorney "William Dwight Chumley" said in Affidavit from Trial Counsel, "If taken to Trial... Petitioner could face up to 30 years if found guilty.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: Petitioner did not have New Evidence, at the time of Petition for Writ of Habeas Corpus pursuant to art. 11.07, § 3 (a), Texas Code of Criminal Procedure Filed 10/24/2022 at 6:50 A.M.

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Writ of Habeas Corpus pursuant to art. 11.07

Name and location of the court where the motion or petition was filed: In The District Court 227TH Judicial District, Bexar County Texas

Docket or case number (if you know): 2019 CR4967-W1

Date of the court's decision: October 23rd, 2022

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Did not have Affidavit of New Evidence of False allegation's of alleged victim recanting.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Sentence has been completed. Just want to be Exonerated and Expunged of record with New Evidence.

**GROUND FOUR:** It was competent, not merely cumullative, Corroborative, collateral or impeaching. "New Evidence"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner does present evidence sufficient to pass these 4 grounds to prove innocence that was not present the day of his plea. Through the Merits of this New Evidence and relief of being Exonerated and Expunged of record, this New evidence would have Changed the Outcome of plea Bargining and would have had my innocence brought to light.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Could prove innocence until I was released from Confinement in the Texas Department of Criminal Justice.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Aritcle 11.07

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: IN THE DISTRICT COURT 227th JUDICIAL DISTRICT BEXAR COUNTY TEXAS

Docket or case number (if you know): 2019 CR4967-W1

Date of the court's decision: October 23rd, 2022

Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner did not have New Evidence at the time to raise issue. Indictment read on March 29, 2018 this crime was committed but I was incarcerated on that day for Family Violence 2nd Offence on Sally Gonzalez, so they found a way to Fabricated a false date and go back one year but in 2017, I was only out 3months See Bank Statements.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Petitioner has sent Matthew B. Howard, Assistant Criminal District Attorney SBN: 24085860 AFFIDAVIT OF NEW EVIDENCE. He did correspond to Petitioner to File this 2254.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Did not have New Evidence until I was released from TDCJ and Evidence retrieved Feb. 6th, 2023. Petitioner was released (12-16-22).

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:   Nov. 18, 2021 (William Dwight
Chumbley) 111 W. Olmos, San Antonio, Texas 78201

(b) At arraignment and plea:   Nov. 18, 2021 (William Dwight Chumbley)

(c) At trial:   N/A

(d) At sentencing:   Nov. 18, 2021 (William Dwight Chumbley)

(e) On appeal:   N/A

(f) In any post-conviction proceeding:   Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A
Matthew B. Howard Assistant Criminal District Attorney, Bexar
County, Texas 78205 SBN# 24085860

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?   ☒ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

In The District Court 186 Judicial District, Bexar
County, Texas.

(b) Give the date the other sentence was imposed:   August 2nd, 2023

(c) Give the length of the other sentence:   2 years

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?   ☒ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I did not file for an extention of time because I did not
have the knowledge of my innocence coming to light
Feb. 6th, 2023. Then Sally said "she was choked when
her braw scratches her chest while we are having sex. I filed
charges on her and she is pregnant with our baby.#SAPD23070701

AO 241 (Rev. 09/17)

Petitioner was released from Texas Department of Criminal Justice 12-16-22 and was only out 3 months. Petitioner did not have new evidence until Feb. 6th, 2023. Now in this New Charge: Assault-Family-Choking/Strangulation was Habitual Offender Enhancement Allegations that ranged from 25 years to 99 and it read like this "Before the commission of the primary offense and after the conviction in Cause No. 2013CR6405 was final, the defendant committed the felony of Indecency-Child Exposure and was convicted on the 18th day of November, A.D., 2021, in Cause No. 2019CR4967 in Bexar County, Texas. Petitioner has to Register as a Sex Offender for 10 years after released (12-16-22). Sally Gonzalez just paid $10,000 to Expunge Matthew Anthony Morales Sex Offender record in 2022, TDCJ#02159077 which is the Biological father to Chastidy Raeylnn Morales who made Outcry of fabricated Falsified allegations that cost me 4 years of false imprisonment, & 10 years Sex Offender Registration for case #2019CR4967 Indecency Exposure-Child. Please Grant me the Extention of Time to File this 2254 due to not having this New Evidence Feb. 6th, 2023. I pray that this court grant me the jurisdictional right to be Exonerated and Case #2019CR4967 expunged. God Bless.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: The relief that petitioner is seeking is to have case # 2019CR4967 expunged off record and exonerated if case needs to be re-opened.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on August 3rd, 2023 (month, date, year).

Executed (signed) on August 3rd, 2023 (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

#### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ 5.00 , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and __1__ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

State of Texas
County of Bexar

# Affidavit of New-Evidence

Before Me the Undersigned authority Personally appeared Sally Gonzalez who, After being by me duly sworn stated the following Under oath:

My Name is Sally Gonzalez, I am over the age of (18) years, and I am competent to make this affidavit. The statements contained herein are true and correct.

"I am the mother of the complaining victim In the above cause against Mark Estrada, whom I am aware has been charged with indecency-child exposure (2019-CR-4967) I want to advise the Court and District Attorney that Mark Estrada did not commit this crime that he was convicted for. I am the mother to Chastidy Morales. Chastidy Morales did Make out cry of false allegations that put Mark Estrada in Prision. When Mark Estrada was released from prision 12-16-22 My daughter told me that she was coached by her Aunt Rosalinda Nares Into saying the allegations that put Mark Estrada into prision.

I have not been compelled, threatened, or coerced to sign this affidavit in any manner. Nor have I been offered any bribe or improper inducement as a benefit or reward for signing this affidavit. I am signing this affidavit knowingly, voluntarily and freely.

Further the affiant Sayeth Not.

_____

Affiant, Sally Gonzalez

Sworn to and subscribed before

on the 6th day of February, 2023

SANTOS HUANTE
Notary Public, State of Texas
Comm. Expires 08-24-2026
Notary ID 131678638

NOTARY PUBLIC

```
Date:07-19-2023    Time:1251    Term:DCMF    Oper:44458

      ***** Bexar County Criminal Justice Information System *****
                      - Event Log Display -
  JN: 2118306    Juris Court: D186    Case Nbr: 2023CR5532    R S  DOB      Loc
 SID: 0906481  Suff: 01  Name: ESTRADA, MARK ANTHONY        L M 19910216  JAL
        Code   Date    Description       Qualifier       CNC Date  Term Oper
0001- 1001 04012023 F2 130092 ASSAULT-FAMILY-CHOKING/STRAN1 04022023 B3AC 42562
0002- 1002 04012023 COMPLAINT FILED    CM   108461         1 04022023 B3AC 42562
0003- 1301 04012023 WARRANT ISSUED     0000000            1 04022023 B3AC 42562
0004- 0802 04012023 PRE-INDICT FUG                         1 04022023 B3AC 42562
0005- 1302 04012023 WARRANT RECEIVED   1830658            1 04022023 B3AC 42562
0006- 1001 04012023 F3 130091 ASSAULT-FAMILY-CHOKING/STRAN1 06262023 DA2T 40398
0007- 1101 04022023 BOOKED             B20231149901       1 04022023 B3AC 42562
0008- 1202 04022023 BOND SET           35000.00    00000001 04022023 B3AC 42562
0009- 1013 04022023 DEF. MAGISTRATED                      1 04022023 B3AC 42562
0010- 1311 04022023 WARRANT EXECUTED   1830658            1 04022023 B3AC 42562
0011- 0102 04022023 AWTG INDICTMENT                       1 04022023 B3AC 42562
0012- 6402 04022023 Offender record sent to VINE21183060011 04022023 NATU 42562
0013- 6403 04022023 Charge record sentto VINE   21183060011 04022023 NATU 42562
0014- 2502 04022023 DEF ATTORNEY APP   24077437           1 04022023 SYS  SYS
0015- 4302 04022023 ATTORNEY APPOINTEDV1705P1003          1 04262023 JPCH 44602
0016- 4185 04022023 SPEC COND BND      COX                1 04022023 SHB9 18756
0017- 4100 04022023 GPS-PARTIAL-WAIVE FEES                1 04022023 SHB9 18756
0018- 4917 04022023 ORDER NO CONTACT   ORDER              1 04022023 SHB9 18756
0019- 4199 04022023 SALLY GONZALEZ                        1 04022023 SHB9 18756
0020- 4927 04022023 NO FIREARMS PPOU                      1 04022023 SHB9 18756
0021- 1321 04032023 WARRANT RETURNED   1830658            1 04032023 B1WF 41974
0022- 1401 04132023 GJ NUMBER ASSIGNEDGJ796622            1 04132023 DY28 32269
0023- 2066 05092023 PRE-HEARING SET    D186               1 04022023 B3AC 42562
0024- 1003 06262023 EHN-HABITUAL                          1 06262023 DA2T 40398
0025- 1431 06272023 INDICTED BY GJ                        1 06272023 KKA2 11804
0026- 4301 06272023 GRAND JURY REPORT V1531P3527          1 07102023 KKA1 11804
0027- 1511 06272023 DIST COURT ASSIGNDD186 2023CR5532     1 06272023 KKA2 11804
0028- 6402 06272023 Offender record sent to VINE21183060011 06272023 NATU 11804
0029- 6403 06272023 Charge record sentto VINE   21183060011 06272023 NATU 11804
0030- 4194 06282023 PRECEPT/INDICT ISS                    1 06282023 KKA2 11804
0031- 2001 06302023 ARRAIGNMENT SET                       1 06272023 KKA2 11804
0032- 0130 06302023 AWTG TRIAL SETTING                    1 06272023 KKA2 11804
0033- 4212 07032023 DC FILE FORWARD TOD186                1 06292023 DCU1 44612
0034- 5199 07032023 EFILE ENVELOPE NBR77192121            1 07052023 9999 EFIL
0035- 5102 07032023 MT WTHDRAW AS ATTY                    1 07052023 9999 EFIL
0036- 4214 07052023 DC FILE REC IN CRTD186                1 07052023 DC79 41528
0037- 4100 07062023 MOTION TO WITHDRAWAS COUNSEL          1 07062023 DCJ2 44466
0038- 4300 07062023 ORD MTN W/DRW CNSLV1715P1890  GRANTED 1 07102023 DCQH 44466
0039- 2502 07082023 DEF ATTORNEY APP   24073204           1 07082023 SYS  SYS
0040- 4302 07082023 ATTORNEY APPOINTEDV0000P0000          1 07082023 SYS  SYS
0041- 5199 07102023 EFILE ENVELOPE NBR77326956            1 07102023 9999 EFIL
0042- 4421 07102023 ATY CLAIM FOR PMT MARTINEZ            1 07112023 DCT0 44080
0043- 4240 07112023 VA-IMPACT SENT     SG                 1 07112023 DY5X 45394
0044- 6405 07122023 ATTY NOTICE EMAIL FOR SETTING 080220231 07122023 NATU PCSAR
0045- 5199 07132023 EFILE ENVELOPE NBR77498381            1 07142023 9999 EFIL
0046- 5100 07132023 NTC OF INTENT TO SEEK AN AFFIRMATIVE  1 07142023 9999 EFIL
0047- 4100 07182023 LTR EVENT LOG REQ MAILED              1 07192023 DCMF 44458
0048- 2011 08022023 TRIAL DATE SET                        1 07112023 BBEF 36975
0049- 0104 08022023 AWTG TRIAL                            1 07112023 BBEF 36975
                  ***** End of List *****
```

FILED
10/24/2022 6:56 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Juan Castellanos

## CAUSE NO. 2019CR4967-W1

| | | |
|---|---|---|
| **EX PARTE** | * | **IN THE DISTRICT COURT** |
| **MARK ANTHONY ESTRADA** | * | **227TH JUDICIAL DISTRICT** |
| **APPLICANT** | * | **BEXAR COUNTY, TEXAS** |

## STATE'S RESPONSE TO APPLICANT'S PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas by and through its Criminal District Attorney, Joe D. Gonzales, and files this response to the Applicant's Petition for Writ of Habeas Corpus.

### I. HABEAS WRIT FILED

The Applicant, Mark Anthony Estrada, filed this petition for a post-conviction writ of habeas corpus pursuant to art. 11.07, § 3(a), Texas Code of Criminal Procedure. The State files this mandatory answer pursuant to art. 11.07 § 3(b). His petition for a writ of habeas corpus was filed on September 23, 2022. The State was served by the District Clerk of Bexar County on September 23, 2022.

### II. STATEMENT OF THE CASE

The Applicant pled no contest to the offense of INDECENCY-CHILD EXPOSURE in Cause No. 2019CR4967. Punishment was assessed at confinement for four (4) years. As this was a plea-bargain case, the trial court certified that Applicant had no right to direct appeal.

### III. APPLICANT'S ALLEGATIONS

Applicant alleges three grounds for relief in his application. His first ground is ineffective assistance of counsel. His second ground is "malicious prosecution" and his third ground is "new evidence" which he alleges supports his innocence.

## IV. NECESSITY FOR AN EVIDENTIARY HEARING & EXPANSION OF THE RECORD

There is a need for an expansion of the record; however, there is no need for an evidentiary hearing. An affidavit from trial counsel is needed to address Applicant's allegations. Applicant need NOT be brought back to Bexar County for a hearing.

## V. ARGUMENT AND AUTHORITIES

In a habeas corpus proceeding, the burden of proof in on the applicant. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). An applicant must plead and prove facts which entitle him to relief and he must prove his claim by a preponderance of the evidence. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977). Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

Applicant alleges that he received ineffective assistance of trial counsel. In order to evaluate the merits of Applicant's claims, it is necessary for the court to designate these issues for future resolution. According to Tex. Code Crim. Proc. Art. 11.07 § 3(c) & (d), the trial court must designate all issues requiring future resolution within fifty days after the filing of a petition for habeas corpus. The trial court may wish to order an affidavit from Applicant's trial counsel addressing Applicant's allegations.

In Applicant's second ground, he claims relief based on "malicious prosecution." A claim of prosecutorial vindictiveness may be established in two ways: 1) proof of circumstances that pose a "realistic likelihood" of misconduct sufficient to raise a "presumption of prosecutorial vindictiveness," or 2) proof of "actual vindictiveness"—that is, direct evidence the prosecutor's charging decision stems purely from a retaliatory action after the defendant exercised their protected legal rights. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). Applicant does not meet the burden of proof regarding these claims; his allegations are regarding the behavior of the Child Protective Services actions regarding a case in involving children for which he is not the guardian or parent. Because he does not allege prosecution took

retaliatory action against him in charging decisions, and his allegations are without merit and should be DENIED.

In applicant's third ground he asserts he has new evidence to support his actual innocence. In order to present new evidence, it must meet four criteria (1) the evidence was unknown to movant before trial; (2) the defendant's failure to discover it was not due to a want of diligence on his part; (3) its materiality was such as would probably bring about a different result in another trial; and (4) it was competent, not merely cumulative, corroborative, collateral, or impeaching. *Boyett v. State*, 692 S.W.2d 512 (Tex. Crim. App. 1985). Applicant does not present any evidence sufficient to pass these criteria, as he points to materials all available prior to the date of his plea. Therefore, his third ground is without merit and should be DENIED.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State prays that this Court order an affidavit from Applicant's trial counsel addressing Applicant's allegations of ineffective assistance of counsel and designate Applicant's application for future resolution.

Respectfully submitted,

**JOE D. GONZALES**
Criminal District Attorney
Bexar County, Texas


**MATTHEW B. HOWARD**
Assistant Criminal District Attorney
Bexar County, Texas
101 W. Nueva
San Antonio, Texas 78205
SBN: 24085860
(210) 335-2736
(210) 335-2436-FAX

*Attorneys for the State*


## CERTIFICATE OF SERVICE

I, Matthew B. Howard, Assistant Criminal District Attorney, Bexar County, Texas, certify that a true and correct copy of the foregoing response will be mailed to Mark Anthony Estrada, TDCJ No. 02373635, Huntsville Unit, 815 12th Street, Huntsville, TX 77348, on this the 23rd day of October, 2022.


**MATTHEW B. HOWARD**



**JOE D. GONZALES**
BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY
PAUL ELIZONDO TOWER
101 W. NUEVA
SAN ANTONIO, TEXAS 78205

Mr. Mark Estrada
# 02373635
Huntsville Unit
815 12th Street
Huntsville TX 77348

PRESORTED
FIRST CLASS





US POSTAGE
$ 000.49¹
ZIP 78204
02 4W
0000367844 OCT 31 2022



# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
262 W. Nueva Street
San Antonio, Texas 78207

PHILIP J. DEVLIN
Clerk of Court

June 27, 2023

Mark Estrada, #906481
Bexar County Adult Detention Center
200 N Comal
San Antonio, TX 78207

Re: Letter received June 26, 2023

Dear Mr. Estrada,

This is in response to your letter received June 26, 2023. Enclosed please find the necessary forms to petition for relief under 28 U.S.C § 2254.

Please be advised that the Court is unable to provide legal advice. For legal assistance, please reach out to the Texas Department of Criminal Justice - Staff Counsel for Inmates, the State Bar of Texas or Legal Aid Society of Central Texas.

Thank you.

Deputy Clerk

Enclosures